1  Craig J. Mariam
   Nevada Bar No. 10926
2  GORDON & REES LLP
   3770 Howard Hughes Parkway, Suite 100
3  Las Vegas, Nevada 89169
   Telephone:  (702) 577-9300
4  Facsimile:   (877) 306-0043
   Email:  cmariam@gordonrees.com
5

6  *Attorney for defendant Convergent Outsourcing, Inc.*

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF NEVADA

10  ERVIN MIDDLETON,                          )  Case No.:
                                              )
11             Plaintiff,                     )  *Removed from the Justice Court, Las Vegas*
                                              )  *Township, Clark County, Nevada*
12  v.                                        )  *Case No.* 12A-002220
                                              )
13  CONVERGENT OUTSOURCING, INC.,             )  **NOTICE OF REMOVAL OF CIVIL**
                                              )  **ACTION**
14             Defendant.                     )  **[28 U.S.C. §§ 1331, 1441, and 1446]**
                                              )
15  _____  )

16        TO THIS HONORABLE COURT:

17        PLEASE TAKE NOTICE defendant Convergent Outsourcing, Inc., ("Convergent")

18  hereby removes this action from the Justice Court, Las Vegas Township for Clark County,

19  Nevada, to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§

20  1331, 1441 and 1446.  In support of removal, Convergent states as follows:

21              **I.        THE STATE COURT ACTION**

22        1.        On or about July 2, 2012 plaintiff Ervin Middleton filed a civil action in the

23  Justice Court, Las Vegas Township of Clark County, Nevada, styled as *Ervin Middleton v.*

24  *Convergent Outsourcing, Inc.*, Case 12A-002220 (the "State Court Action").  A true and correct

25  copy of the Complaint is attached hereto as **Exhibit A**.

26        2.        The allegations of the Complaint allege the violation of the federal Telephone

27  Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the federal Fair Credit Reporting Act

28  ("FCRA"), 15 U.S.C. § 1681 et seq.  Complaint, p. 1.

-1-
NOTICE OF REMOVAL OF CIVIL ACTION

*(left margin)* **Gordon & Rees LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169

1    3.    As set forth more fully below, this case is properly removed to the United States

2  District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, because

3  the procedural requirements for removal are satisfied in that this is a civil action containing the

4  interpretation of federal statutes; specifically, the TCPA, 47 U.S.C. § 227 and the FCRA, 15

5  U.S.C. § 1681 et seq.

6           **II.**    **ALL PROCEDURAL REQUIREMENTS FOR REMOVAL**
**HAVE BEEN SATISFIED**

7

8    4.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings filed in

9  the State Court Action are attached as **Exhibit A**.

10    5.    Plaintiff's Complaint was filed in the Justice Court, Las Vegas Township of Clark

11  County, Nevada, on or about July 2, 2012.  *See* Ex. A.  The Complaint was served on

12  Convergent on July 27, 2012.

13    6.    This notice of removal is timely as it has been filed within thirty days of

14  defendant being served with the Complaint.  28 U.S.C. § 1446(b).

15    7.    The United States District Court for the District of Nevada embraces the locality

16  in which the State Court Action is now pending, making this Court a proper forum pursuant to 28

17  U.S.C. § 1441(a).

18    8.    No previous application has been made for the relief requested herein.

19    9.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

20  on plaintiff, and a copy is being filed with the Justice Court, Las Vegas Township of Clark

21  County, Nevada.

22    10.    If any question arises regarding the propriety of the removal of this action,

23  Convergent respectfully requests the opportunity to present briefing and/or oral argument in

24  support of its position that this case is removable.

25           **III.**    **STATEMENT OF JURISDICTION**

26    11.    This action is a civil action over which this Court has original jurisdiction under

27  28 U.S.C. § 1331 and is one that may be removed to this Court by defendant pursuant to the

28  provisions of 28 U.S.C. §§ 1441 and 1446.

**Gordon & Rees LLP**
**3770 Howard Hughes Parkway, Suite 100**
**Las Vegas, Nevada  89169**

NOTICE OF REMOVAL OF CIVIL ACTION

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

## IV.    FEDERAL QUESTION JURISDICTION

12.    This action is a civil action containing the interpretation of federal statutes; specifically, the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  Complaint, p. 1.

13.    This Court has original jurisdiction under 28 U.S.C. § 1331 over claims that require interpretation of the FCRA because the statute at issue is the law of the United States. The FCRA provides that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction."  15 U.S.C. § 1681p.

14.    This Court also has original jurisdiction because the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005) (holding a claim under state law can give rise to federal question jurisdiction if it "appears from the [complaint] that the right to relief depends upon the construction or application of [federal law].").  The claims set forth in the instant complaint arise under laws of the United States because the claims necessarily depend on the remedies available under 15 U.S.C. § 1681 et seq. and 47 U.S.C. § 227.

15.    Plaintiff specifically bases his claims on Convergent's violation of federal law, namely, violations of 15 U.S.C. § 1681 et seq. and 47 U.S.C. § 227.  Complaint, p. 1.

16.    Plaintiff states the following: "I, Ervin Middleton, state that Defendant [Convergent] owes Plaintiff [Ervin Middleton] the sum of $5,000 for violations of the TCPA (Telephone Consumer Protection Act) and FCRA (Fair Credit Reporting Act)."  Complaint, p. 1.

## V.    SUPPLEMENTAL JURISDICTION

17.    To the extent any state law claims are alleged, under 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over plaintiff's state law claims.  *See* 28 U.S.C. § 1367(a) (The court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

-3-

1   controversy under Article III of the United States Constitution.").  Here, to the extent plaintiff

2   asserts a state law claim for violation of the TCPA, plaintiff's state law claims are based on the

3   same alleged conduct that is the purported basis for the claims arising out of federal questions of

4   law.

5                                          **VI.    CONCLUSION**

6          18.      For all of the foregoing reasons, the State Court Action may be removed to the

7   United States District Court for the District of Nevada, the federal court for the district and

8   division embracing Clark County pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

9          19.      WHEREFORE, Convergent respectfully requests that the Court assume full

10  jurisdiction over this action as if plaintiff had originally filed his claims in this Court.

11         DATED this 15th day of August, 2012.

12                                                        Respectfully submitted,

13                                                        GORDON & REES LLP

14

15                                                        /s/ Craig J. Mariam
                                                          Craig J. Mariam
16                                                        *Attorney for defendant Convergent Outsourcing,
                                                          Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169

-4-

**Gordon & Rees LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on the 15th day of August, 2012, a copy of the foregoing

**NOTICE OF REMOVAL OF CIVIL ACTION** was filed electronically.  Notice of this filing

will be sent by operation of the Court's electronic filing system to all parties indicated on the

electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may

access this filing through the Court's electronic filing system.

> **BY U.S. MAIL:**
> Ervin Middleton
> 5146 Caliente
> Las Vegas, NV 89119
> Tel.: 702-349-3552

_____
An employee of Gordon & Rees LLP