1  Craig J. Mariam
   Nevada Bar No. 10926
2  GORDON & REES LLP
   3770 Howard Hughes Parkway, Suite 100
3  Las Vegas, Nevada 89169
   Telephone:  (702) 577-9300
4  Facsimile:   (877) 306-0043
   Email:  cmariam@gordonrees.com
5
   *Attorneys for defendant Convergent Outsourcing, Inc.*
6

7

8                   UNITED STATES DISTRICT COURT

9                      DISTRICT OF NEVADA

10 ERVIN MIDDLETON,                    )  Case No.: 2:12-cv-01449-LRH-CWH
                                       )
11              Plaintiff,             )  *Honorable Larry R. Hicks*
                                       )
12 v.                                  )  *Removed from the Justice Court, Las Vegas*
                                       )  *Township, Clark County, Nevada*
13 CONVERGENT OUTSOURCING, INC.,       )  *Case No.* 12A-002220
                                       )
14              Defendant.             )  **ANSWER TO COMPLAINT**
                                       )
15 _____)  **JURY DEMAND**

16        Defendant Convergent Outsourcing, Inc., by and through its counsel of record, answers

17 the plaintiff's complaint for damages as follows:

18                      **ANSWER TO COMPLAINT**

19        1.      Answering paragraph 1 of the complaint, defendant admits that plaintiff purports

20 to allege violations of the Telephone Consumer Protection Act ("TCPA") and the Fair Credit

21 Reporting Act ("FCRA") but denies the allegations in all other respects.

22                      **AFFIRMATIVE DEFENSES**

23        Defendant Convergent Outsourcing, Inc. asserts the following affirmative defenses to

24 plaintiff's Complaint and reserves the right to amend or supplement these defenses as further

25 information becomes available through discovery.

26                    **FIRST AFFIRMATIVE DEFENSE**

27        Plaintiff consented to the acts and events set forth in the complaint.

28 / / /

**Gordon & Rees LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169

1

## SECOND AFFIRMATIVE DEFENSE

2      The alleged claims in the complaint, and each of them, are barred by the doctrine of

3   waiver.

## THIRD AFFIRMATIVE DEFENSE

5      The complaint, and each and every cause of action alleged therein, is barred by the

6   doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

8      The alleged claims in the complaint, and each of them, are uncertain, ambiguous and/or

9   unintelligible.

## FIFTH AFFIRMATIVE DEFENSE

11      The complaint, and each and every cause of action alleged therein, is barred by the

12   applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

14      Plaintiff has unreasonably delayed in bringing this action to the prejudice of this

15   answering defendant and is therefore barred from bringing this action by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

17      Plaintiff's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

19      Defendant alleges that plaintiff lacks standing and/or capacity to either bring or maintain

20   this action, or to obtain the relief sought.

## NINTH AFFIRMATIVE DEFENSE

22      Plaintiff has failed to name all necessary and indispensable parties to this action.

## TENTH AFFIRMATIVE DEFENSE

24      Plaintiff's claims are barred due to privilege, absolute or qualified, including, but not

25   limited to, the litigation privilege and/or the common interest privilege.

## ELEVENTH AFFIRMATIVE DEFENSE

27      The facts and circumstances underlying plaintiff's state law claims are preempted in

28   whole or in part by federal law.

**Gordon & Rees LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

1

**TWELFTH AFFIRMATIVE DEFENSE**

2      No act or omission of this answering defendant was a substantial factor in bringing about

3 the damages alleged, nor was any act or omission of this answering defendant a contributing

4 cause thereof.  Any alleged acts or omissions of this answering defendant were superseded by the

5 acts or omissions of others, including plaintiff or other third parties named or not named as in the

6 complaint, which were the independent, intervening and proximate cause of the damage or loss

7 allegedly sustained by plaintiff.

8

**THIRTEENTH AFFIRMATIVE DEFENSE**

9      Plaintiff assisted, consulted, directed, ordered, approved and/or ratified this answering

10 defendant's conduct, and is therefore estopped from claiming any damages, if any, there were.

11

**FOURTEENTH AFFIRMATIVE DEFENSE**

12      Defendant is informed and believes and thereon alleges that, in the event it is held liable

13 to plaintiff, which liability is expressly denied, and any co-defendants or cross-defendants are

14 likewise held liable, this defendant is entitled to a percentage contribution of the total liability

15 from said co-defendants and cross-defendants in accordance with the principles of equitable

16 indemnity and comparative contribution.

17

**FIFTEENTH AFFIRMATIVE DEFENSE**

18      Plaintiff and/or other third parties, their agents and employees, and each of them, were

19 actively or passively negligent in and about the matters alleged in the complaint, and said

20 negligence proximately and concurrently contributed to the damages described therein and bars

21 any recovery to the extent thereof.

22

**SIXTEENTH AFFIRMATIVE DEFENSE**

23      Plaintiff's claims are barred because defendant, pursuant to 47 U.S.C. § 227(c)(5), has

24 established and implemented, with due care, reasonable practices and procedures to effectively

25 prevent any telephone solicitations in violation of TCPA.

26 / / /

27 / / /

28 / / /

**Gordon & Rees LLP**
**3770 Howard Hughes Parkway, Suite 100**
**Las Vegas, Nevada  89169**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any alleged actions by defendant were taken in good faith; alleged violations, if any, were unintentional and resulted despite the existence of procedures reasonably adopted to avoid any violations of the TCPA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as to any alleged cell phone calls received by plaintiff because plaintiff was not charged for the calls and uncharged calls are exempt from application of the TCPA.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because plaintiff does not possess a private right of action under 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

### TWENTIETH AFFIRMATIVE DEFENSE

The subject telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

All or part of the relief sought by plaintiff may be barred by illegality, fraud, prior material breach, and/or breach of the duty of good faith and fair dealing arising out of, but not limited to, plaintiff's fraudulent conduct and the providing of false information during negotiations and contracting for the underlying debt that is subject of the complaint in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

When one accepts credit, such as the plaintiff, here, the plaintiff impliedly consents for the creditor, such as defendant, here, to take reasonable steps to pursue payment even though it may result in actual, though not actionable, invasion of privacy.  In the debtor-creditor situation, the right of a debtor to privacy is subject to the right of a creditor to take reasonable steps to collect the debt.

/ / /

/ / /

ANSWER TO COMPLAINT

Case No.: 2:12-cv-01449-LRH-CWH

**Gordon & Rees LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that, as to each cause of action, although defendant denies that it committed or is responsible for any act or omission that could support the recovery of punitive damages in this action, if and to the extent any such act or omission is found, recovery of such punitive damages against defendant is unconstitutional under the United States Constitution, including: the Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fifth Amendment and Section One of the Fourteenth Amendment and other provisions of the United States Constitution.

**PRAYER FOR RELIEF**

**WHEREFORE,** the defendant prays for judgment against plaintiff as follows:

1.      That plaintiff takes nothing by virtue of his complaint.

2.      That plaintiff's complaint be dismissed with prejudice.

3.      For costs and disbursements incurred herein, including attorney's fees.

4.      For such other relief as the court may deem appropriate.

DATED this 16th day of August, 2012.

Respectfully submitted,

GORDON & REES LLP

/s/ Craig J. Mariam
Craig J. Mariam
*Attorneys for defendant Convergent Outsourcing, Inc.*

**DEMAND FOR JURY TRIAL**

Pursuant to FRCP Rule 38, defendant hereby demands a jury trial on all issues so triable.

DATED this 16th day of August, 2012.

Respectfully submitted,

GORDON & REES LLP

/s/ Craig J. Mariam
Craig J. Mariam
*Attorneys for defendant Convergent Outsourcing, Inc.*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 16th day of August, 2012, a copy of the foregoing **ANSWER TO COMPLAINT and JURY DEMAND** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

**BY U.S. MAIL:**
Ervin Middleton
5146 Caliente
Las Vegas, NV 89119
Tel.: 702-349-3552

An employee of Gordon & Rees LLP

**Gordon & Rees LLP**
**3770 Howard Hughes Parkway, Suite 100**
**Las Vegas, Nevada  89169**

//13311967v.1

-6-
ANSWER TO COMPLAINT
Case No.: 2:12-cv-01449-LRH-CWH